**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Jeremy Laird, | No. CV-17-00482-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

Pending before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Petition for Writ of Habeas Corpus in this case be denied. (Doc. 32). Petitioner, through counsel, has filed objections. (Doc. 33).

**I.  Legal Standard**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are

not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made."). Accordingly, the Court will review the portions of the R&R to which Petitioner objected de novo.

The Petition in this case was filed under 28 U.S.C. § 2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). In applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Carey v. Musladin*, 549 U.S. 70, 74 (2006). This Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998).

## II. Factual and Procedural Background

The R&R recounts the factual and procedural background of this case. (Doc. 33 at 1-3). Neither party has objected to this summary; the Court hereby accepts it.

## III. Discussion

As discussed in the R&R, Petitioner is serving a 129 year aggregate sentence for various crimes, and a consecutive life sentence with the possibility of release after 25 years for a first degree murder conviction. (Doc. 32 at 2). Petitioner argues that his 154 years to life aggregate sentence is the functional equivalent of a life without parole sentence. (Doc. 33 at 3). Petitioner argues that such a sentence violates *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama*, 567 U.S. 460 (2012). (Doc. 32 at 1).

Petitioner presented this claim to the Arizona Courts and the Arizona Courts denied relief. (*Id.* at 3). Thus, as discussed above, this Court can only grant relief if the Arizona Court's decision was contrary to or an unreasonable application of Federal law

(as determined by the Supreme Court).

As the R&R recounts, there are splits among the circuits as to whether a "functional equivalent" sentence qualifies for relief under *Miller* (Doc. 32 at 10) and open questions as to whether *Graham* has any applicability to homicide cases (Doc. 32 at 7-8). Given that there is no directly applicable Supreme Court case law, and splits among the lower courts, the R&R concludes:

> Because there is no clearly established Supreme Court precedent holding that an aggregate sentence that is functionally equivalent to life imprisonment without the possibility of parole violates the Eighth Amendment, the Arizona Court of Appeals' decision is not contrary to or based on unreasonable application of clearly established Supreme Court precedent. *See Harrington v Richter*, 562 U.S. 86, 101 (2011) (stating that "[i]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme Court].")

(Doc. 32 at 10) (additional citations omitted).

Petitioner objects to this conclusion. First he argues that the 129 year portion of his sentence (the non-homicide) portion, violates *Graham*, and that the Ninth Circuit Court of Appeals decision in *Moore v. Biter*, 725 F.3d 1184 (9th Cir. 2013) compels this Court to conclude that Petitioner's sentence violate *Graham*. Both *Moore* and *Graham* involved non-homicide crimes. However, here, Petitioner's total sentence includes a homicide crime. Therefore, this Court agrees with the R&R that *Moore* is inapplicable in this case. (*See* Doc. 32 at 7-8).

Next Petitioner argues that his consecutive sentence on his homicide conviction violates *Miller* because it is effectively a life without parole sentence. The R&R concludes that *Miller* does not clearly apply to consecutive sentences. (Doc. 32 at 8-9). The Court agrees with the R&R neither *Miller* nor *Montgomery's*[1] interpretation of *Miller* expressly state that a life-with-the-possibility-of-parole-after-25-years sentence, that is consecutive to other sentences, falls under *Miller's* prohibition on mandatory life without the possibility of parole sentences (for juveniles). Given that the holding of *Miller* does not expressly apply to Petitioner's case, this Court cannot conclude that the state court's

---

[1] *Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016).

1 | decision was contrary to or an unreasonable application of clearly established (by the
2 | Supreme Court) Federal law.

Thus, the Court accepts the R&R's recommendation that the Court deny relief and overrules Petitioner's objections.

**IV.    Certificate of Appealability**

The R&R recommends that this Court deny the issuance of a certificate of appealability ("COA"). Petitioner objects to this recommendation.

A judge may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standards for granting a COA are the same for petitions under § 2254 and § 2255. *See United States v. Martin*, 226 F.3d 1042, 1046 n.4 (9th Cir. 2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *see also id.* (describing the COA determination as deciding whether the issues presented are "'adequate to deserve encouragement to proceed further'" [*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)]). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The rule for issuing a COA amounts to but a "modest standard" and the Ninth Circuit has cautioned that "'we must be careful to avoid conflating the standard for gaining permission to appeal with the standard for obtaining a writ of habeas corpus.'" *Silva v. Woodford*, 279 F.3d 825, 832 (9th Cir. 2002), *cert. denied*, 123 S.Ct. 342 (2002), quoting *Lambright v. Stewart*, 220 F.3d 1022, 1024, 1025 (9th Cir. 2000). Finally, "any

doubts" about granting a petitioner's request for a COA "must be resolved in his favor" and a court should issue a COA unless the claims are "'utterly without merit.'" *Silva*, 279 F.3d at 833, quoting *Jefferson v. Welborn*, 222 F.3d 286, 289 (7th Cir. 2000). However, "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (internal quotations omitted).

Here, although the Court has found Petitioner is not entitled to relief, the Court finds that jurists of reason could find this Court's conclusions debatable. Therefore, the Court will sustain Petitioner's objection to the R&R with respect to the issue of whether to grant a COA.

**V.  Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the R&R (Doc. 32) is accepted except as specified above; the objections (Doc. 33) are overruled or sustained as specified above; the Petition for Writ of Habeas corpus is denied, with prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is granted as to Petitioner's sole claim for relief regarding his sentencing (*see* Doc. 1 at 7-8).

Dated this 29th day of August, 2018.

James A. Teilborg
Senior United States District Judge